**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

U.S. DISTRICT COURT
PORTLAND, MAINE
FILED
2011 MAY 17 P 12: 45
DEPUTY CLERK

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE FOLLOWING LOCATION: Information associated with email and instant messaging accounts: **williams.jessy45@yahoo.com; and rsdouc333@yahoo.com** that are stored at premises controlled by Yahoo! Inc. | Case No. 2:17-mj-115-JHR 2:17-mj-116-JHR **Filed Under Seal** |

## APPLICATION FOR ORDER COMMANDING YAHOO NOT TO NOTIFY ANY PERSON OF THE EXISTENCE OF SEARCH WARRANT

The United States requests that the Court order Yahoo not to notify any person (including the subscribers or customers of the accounts listed in the above-captioned warrant) of the existence of the warrant until further order of the Court.

Yahoo is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computer service, as defined in 18 U.S.C. § 2711(2). Under 18 U.S.C. § 2703, the United States obtained the above warrant which requires Yahoo to disclose certain records and information to the United States. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." *Id.*

In this case, such an order would be appropriate because the search warrant relates to an ongoing criminal investigation, aspects of which are unknown to the investigation's target. Disclosure of the warrant may alert the target to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the warrant will seriously jeopardize the investigation, including by giving the target an opportunity to flee, destroy or tamper with

evidence, change patterns of behavior, or notify confederates. *See* 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subject under investigation could destroy that evidence, including information saved to personal computers.

WHEREFORE, the United States respectfully requests that the Court grant the attached Order directing Yahoo not to disclose the existence or content of the search warrant, except that Yahoo may disclose the warrant to an attorney for Yahoo for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed for a period of 90 days. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to the target of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Executed on May 17, 2017

RICHARD W. MURPHY
ACTING UNITED STATES ATTORNEY

Daniel J. Perry
Assistant United States Attorney
U.S. Attorney's Office
100 Middle Street Plaza, East Tower
Portland, ME 04101
(207) 780-3257
Dan.perry@usdoj.gov